IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHRISTY BANGER                    §
                                  §
            Plaintiff,            §
                                  §
VS.                               §        NO. 3-09-CV-2447-G
                                  §
M&T BANK                          §
                                  §
            Defendant.            §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for pretrial management

pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings

and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Christy Banger against M&T Bank arising out of a

mortgage foreclosure. On December 23, 2009, plaintiff tendered a two-page complaint to the district

clerk and filed an application to proceed *in forma pauperis*. After reviewing the complaint and the

*in forma pauperis* motion, the court was unable to determine whether plaintiff lacked the funds

necessary to prosecute this case. On December 31, 2009, the court sent plaintiff a questionnaire to

obtain additional information about her assets, liabilities, and overall financial condition. Plaintiff

was warned that the failure to answer the questionnaire within 20 days "may result in the imposition

of sanctions, including dismissal of this action for want of prosecution." *See* Order, 12/31/09. No

action was taken by plaintiff in response to that order. The questionnaire was remailed to plaintiff

on February 1, 2010. Once again, plaintiff was warned that the failure to answer the questionnaire

within 20 days may result in the dismissal of this action. *See* 2/1/10. To date, plaintiff still has not answered the questionnaire. The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent a financial questionnaire to plaintiff over two months ago. Plaintiff has not answered the questionnaire despite repeated warnings that her failure to do so would result in the dismissal of the case. The court must obtain additional information about plaintiff's assets, liabilities, and overall financial condition in order to rule on her application to proceed *in forma pauperis.* The inability to proceed with this litigation is directly attributable to plaintiff's failure to provide the information requested. Dismissal is clearly warranted under these circumstances. *See Wiggins v. Management and Training Corp.*, No. 3-03-CV-1547-L, 2003 WL 22259080 at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003) (dismissing complaint for failure to answer written interrogatories).

## RECOMMENDATION

Plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  March 3, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE